**Angel RODRIGUEZ, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 07–55583.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2008.

Filed May 22, 2008.

Laura Lackey–Krank, Esq., Law Offices of Rohlfing & Kalagian, Long Beach, CA, for Plaintiff–Appellant.

Enrico M. Alis, SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, Cedina Kim, Esq., Assistant U.S., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: SILVERMAN, BERZON, and BYBEE, Circuit Judges.

## MEMORANDUM*

Angel Rodriguez appeals the district court's order affirming the Commissioner's denial of Rodriguez's application for disability benefits and supplemental security income under Titles II and XVI of the Social Security Act. Rodriguez argues on appeal that the ALJ improperly discredited his testimony regarding his subjective symptoms. Because mild retrolisthesis and mild degenerate change of the spine "could reasonably be expected to produce pain or other symptoms," the Commissioner bore the burden of making "specific findings stating clear and convincing reasons" for rejecting Rodriguez's testimony about the severity of his symptoms. *Bat-*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*son v. Comm'r,* 359 F.3d 1190, 1196 (9th Cir.2004) (internal quotations and citation omitted).

Rodriguez testified that he has intermittent back pain that becomes incapacitating about twice a month. He estimated that he can stand and walk for about two of eight hours, can sit for about one of eight hours, and can lift about ten pounds on a regular basis. In contrast, the physicians who conducted orthopedic examinations of Rodriguez opined that he retained the physical capacity to perform medium exertional-level work. Dr. Yashruti specifically concluded: "[T]he patient is able to sit, stand and walk six hours a day. He is able to squat, kneel, crouch and crawl six hours a day. He is able to lift 50 pounds occasionally and 25 pounds frequently." This assessment was confirmed by a second orthopedist and adopted by the ALJ.

The ALJ also addressed Rodriguez's mental residual functional capacity. The ALJ found, based on medical and other evaluations in the record, that Rodriguez suffers from depression, but that he could perform "simple, repetitive tasks in a non-public environment."

After reviewing the evidence in the record, the Commissioner declined to credit Rodriguez's testimony to support a finding of physical and mental limitations beyond those supported by the medical evidence. The ALJ explained:

> In making my determinations, I have also considered the claimant's subjective complaints. However, I do not find the claimant's allegations sufficiently credible to justify any further limitations than those established by the objective medical record. I find that the claimant's allegations of total disability are inconsistent with his activities.

The ALJ properly relied on evidence of Rodriguez's daily activities to conclude that those activities demonstrated a "breadth of ability [that] is inconsistent with a finding of total disability." *See Burch v. Barnhart,* 400 F.3d 676, 680–81 (9th Cir.2005).

The Commissioner satisfied his burden of making "specific findings stating clear and convincing reasons" for rejecting Rodriguez's testimony about the severity of his symptoms. *See* 20 C.F.R. § 416.929(c); SSR 96–7p. Substantial evidence supports the Commissioner's adverse credibility determination, and we may not second-guess it. *See Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir.2001).

**AFFIRMED.**